UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARTI L. KLUTHO, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:06CV1319 HEA |
| GE MONEY BANK d/b/a GE MONEY, | ) ) ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss for Failure to State a Claim, [Doc. No. 5]. Plaintiff opposes the motion and has filed a written response thereto. Defendant has filed its reply and the matter is therefore fully briefed. For the reasons set forth below, the Motion is **granted**.

## Facts and Background

Plaintiff's Complaint alleges that in March or April, 2006, she received in the mail a promotional letter from Defendant, which Plaintiff has attached to the Complaint. Plaintiff claims that she did not authorize any credit reporting agency to provide any information about her to Defendant, nor that she authorized Defendant to obtain any information about her. The Complaint further alleges that Defendant's

letter states that Defendant accessed Plaintiff's credit report without authorization, and that this violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-81x. (FCRA). According to the Complaint, Defendant's letter did not contain a "firm offer of credit" and as such, Defendant's letter did not fall within any exceptions to the FCRA's requirements that Defendant be authorized to access Plaintiff's information.

Specifically, the letter, addressed to Plaintiff, provided that: "**You are pre-qualified\* for a Line of Credit from GE Money**--with a credit line **up to $25,000\*\*** and a variable **APR as low as 7.99%\*\***." (Emphasis in original). The letter further provides that "Credit lines range from $500 to $25,000" and that "[u]pon approval, a variable APR in the following range will be assigned to your account. 7.99%--17.99%."

### Motion to Dismiss Standard

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Gilmore v. County of Douglas, State of Neb.*, 406 F.3d 935, 937 (8th Cir. 2005). When considering a motion to dismiss, courts are required to accept the

complaint's factual allegations as true and to construe them in the light most favorable to the plaintiff. *Krentz v. Robertson Fire Protection District,* 228 F.3d 897, 905 (8th Cir. 2000). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Krentz*, 228 F.3d at 905. Further, a complaint should not be dismissed unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Midwestern Machinery, Inc.*, at 441 (8th Cir. 1999) (citing *Springdale Education Association v. Springdale School. Dist.,* 133 F.3d 649, 651 (8th Cir. 1998)); *McCormack v. Citibank, N.A.,* 979 F.2d 643, 646 (8th Cir.1992) (quoting *Conley v. Gibson,* 355 U.S. at 45-46. The Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c).

When interpreting the applicable FCRA provisions, the language and design of the statute must be kept in mind. *Milwaukee Gun Club v. Schulz,* 979 F.2d 1252, 1255 (7th 1992). The FCRA is designed to preserve the consumer's privacy in the

information maintained by the consumer reporting agencies. 15 U.S.C. § 1681(a)(4). Specifically, FCRA prohibits businesses and other entities from obtaining information from the consumer's credit report if the consumer did not initiate the transaction and if a permissible purpose does not exist. 15 U.S.C. § 1681b. One permissible purpose is obtaining a credit report for the purpose of making a "firm offer of credit." 15 U.S.C. § 1681b (c)(1)(B)(I).

The FCRA defines a "firm offer of credit" as "any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a consumer report on a consumer, to meet specific criteria used to select the consumer for the offer." 15 U.S.C. § 1681a(1).

In determining "whether the offer of credit comports with the statutory definition, a court must consider the entire offer and the effect of all the material conditions that comprise the credit product in question. If, after examining the entire context, the court determines that the 'offer' was a guise for solicitation rather than a legitimate credit product, the communication cannot be considered a firm offer of credit." *Perry v. First National Bank,* 459 F.3d 816, 824 (7th Cir.2006) (citations omitted).

Plaintiff complains that the letter sent by Defendant violates the FCRA because it does not include the specific amount of credit being extended; it does not

include any interest rate for the credit; it does not contain the amortization period of the credit; and it does not include the method under which the interest on the credit will be computed. None of these terms, however, are required in order to determine whether the letter qualifies as a "firm offer of credit" under the FCRA.

Although the Eighth Circuit Court of Appeals has yet to rule on the issue of what constitutes a "firm offer of credit," this District has had occasion to do so. In *Pohl v. Countrywide Home Loans*, Cause Number 4:06CV928 CDP and *Klutho v. Home Loan Center, Inc.*, Cause Number 4:06CV1212 CDP, Judge Perry thoroughly analyzed the available law regarding what constitutes a "firm offer of credit."[1] Judge Perry concluded, based on this body of developing law, that in order to determine whether the offer is distinguishable from a sales pitch, it must contain something of value, or more than nominal value.

> [The Court] need only look to whether the offer has some value, or more than nominal value, in order to distinguish it from a sales pitch. Congress carefully crafted its definition of "firm offer" and chose not to require that the lender specify particular loan terms. Instead, Congress provided a number of "outs" for a lender, including additional pre-selection criteria, verification, and collateral requirements. If Congress had wanted to require that loan amounts,

---

[1] Subsequent to Judge Perry's opinions, similar cases have been decided based on the same analysis. See, *e.g., Bruce v. Keybank Nat. Ass'n,* WL 3743749 (N.D.Ind. 2006); *Forrest v. Universal Savings Bank F.A.* WL 3486913 (E.D.Wis. 2006); *Krey v. Jennings Chevrolet, Inc.*, WL 3392200 (N.D.Ill. 2006).

> interest rates, or payback times be specified in a "firm offer," it could have done so. So long as the statutory criteria are met, and so long as there is some value to the consumer so that the offer is not a sham or mere solicitation, then the absence of interest rates and other terms does not prevent the offer from being a "firm offer of credit."

*Pohl v. Countrywide Home Loans, Inc.*, Cause Number 4:06CV928 CDP (E.D. Mo November 1, 2006).

Specifically, Defendant's letter includes, *inter alia*, the following terms:

The Annual Percentage Rate (APR) for Advances will be between 7.99% and 17.99; the exact APR will be established upon acceptance based on Plaintiff's credit qualifications. The APR for Advances will vary based on the Prime Rate, as published in *the Wall Street Journal* on the last business day of the calendar month preceding each billing period.

The line of credit will range between $500 and $25,000. The maximum credit line for which the consumer qualifies will be determined based on credit qualifications.

The default APR is 29.99%, which may apply if the consumer pays late, exceeds the credit line, or makes a payment that is dishonored.

Although the letter does not specifically contain exact credit terms as to the specific amount of credit being extended; any specific interest rate for the credit; nor

the method under which the interest on the credit will be computed,[2] the letter does in fact provide the *least* amount of credit that is available to the consumer, *i.e.,* $500. Furthermore, the interest rate range for advances is given, 7.99% to 17.99%, and the default interest rate, 29.99% is also given. Likewise, the letter contains numerous other terms and specifications which advise the consumer of other conditions of the offer and consequences for late payments and return check fees. Although there is not a specific dollar amount which is offered, the consumer is advised that the offer is for at least $500, which is indeed more than a nominal amount; it offers something of value, and it advises the consumer of the maximum amount of interest that can be charged. A reasonable consumer viewing this mailer would believe that it contains some value, the minimum amount of credit to be extended. Thus, even absent a *specific* amount of money, the consumer can determine from this letter that if all other conditions are met, the consumer will be extended at least $500, if not more. Clearly, this letter offers something of value and is therefore a firm offer of credit. As such, the letter does not run afoul of the FCRA and the motion to dismiss is well taken.

Accordingly,

---

[2] Plaintiff also complains about the amortization period to be computed. As Defendant points out, the "amortization period" does not apply to the type of credit being extended in the Defendant's letter.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim, [Doc. No. 5], is granted, and this matter is dismissed.

Dated this 17th day of January, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE